State<br>
vs.                Indictments Nos.<br>
George W. McVay, 13147, 13148, 13149.<br>
John A. Grant and<br>
George J. Kelley

November 25, 1925

HAHN, J. Heard on demurrers to the indictments. These indictments arose out of the Mackinac disaster, so called; Nos. 13141, 13142 and 13143 seek to charge the engineer, John A. Grant, with manslaughter in connection with certain deaths; and Nos. 13144, 13145 and 13146 make similar charges against the captain, George W. McVay; the remaining indictments, Nos. 13147, 13148 and 13149, are brought jointly against Grant and McVay, for manslaughter, and against George J. Kelley as accessory before the fact.

Demurrers were filed to all the indictments. In their brief defendants select indictment No. 13147, and say that "this indictment consists of four counts, each of which, either as to Kelley or as to the other defendants, jointly or severally, raises all the questions which we have urged with respect to all the other counts in the other eight indictments." It appears sufficient, therefore, to consider this indictment for the purpose of disposing of all of the questions raised in all of the cases.

The general contentions of the defendants as set forth in their demurrers and brief appear to be as follows: First, that each count contains an allegation of felonious assault and one of negligence; second, that there is a misjoinder of parties; third, that there can be no accessory before the fact under the allegations set forth.

As to the first point, namely, that a charge of felonious assault is combined with one of negligence, defendants claim that this makes the count duplicitous, hazy and obscure, and does not properly inform them of the exact nature of the charge against them. As to duplicity the Supreme Court of this state has said that such a joinder of offences is not cause for demurrer, but only for a motion to quash.

State vs. Providence Gas Co., 27 R. I. 142, 145. However, there appears to be no duplicity as alleged, and the counts seem to be in the usual form. The first count of indictment No. 13147 is in part, as follows:

"in and upon one Ernest Hokinson then and there being, feloniously and wilfully did make an assault, and that the said * * * with force and arms wilfully, feloniously and unlawfully, by wanton and felonious negligence and by the wilful and felonious disregard of the duties * * * and from gross neglect and failure," etc.

This allegation is similar to the one in Regina vs. Edwards, where the charge was manslaughter for neglect and the indictment was in part as follows:

"in and upon Elizabeth Edwards the younger, being an infant of tender age, to wit, of the age of six months did feloniously make divers assaults, and that she, the said Elizabeth Edwards the elder, did then and there, feloniously neglect, omit," etc.

Regina vs. Edwards, 8 Carr. & P. 611. In another case, Regina vs. Plummer, there was an indictment for manslaughter for neglect of a sick wife, and this indictment reads in part:

"did assault the said Maria Plummer, and that the said George Plummer * * * feloniously and without lawful excuse * * * did omit, neglect," etc.

Regina vs. Plummer, 1 Carr. & K. 600.

In both these cases the facts indicate neglect alone, but the indictments might be said to combine assault and neglect, from the words used.

In the case of State vs. Staples, the charge was one of manslaughter for culpable neglect of a child, such neglect causing its death. Under a statute similar to that of this State (General Laws 1923, Chap. 407, Sec. 3) the Court held an indictment good that alleged

"wilfully made an assault upon said child, and by acts, procurements and culpable negligence she did willfully neglect to provide."

State vs. Staples, 126, 396.

The charge alleged in the above case was manslaughter in the second degree or "involuntary manslaughter." See p. 398.

It does not appear, therefore, that there is anything greatly unusual in the apparent combination of an assault with a charge of negligence in the same count in cases of manslaughter similar to the present. In this state, in the case of State vs. Sutton, the indictment reads, as shown by the records:

"feloniously and wilfully did make an assault; and that the said defendants in a certain steamboat    *    * did then and there feloniously and wilfully," etc.

State vs. Sutton, 10 R. I. 159.

The facts evidently indicated a collision due to gross negligence (see comment by the Court, page 163) rather than to any wilful or intentional act.

In the case of State vs. Hardister & Brown, the indictment as set forth reads, in part:

"did then and there, feloniously and without due caution and circumspection, make an assault upon the said  *  *  * and then and there feloniously  *  *  * did administer  *  *  ͭ

a large quantity of morphine." etc.

State vs. Hardister & Brown, 38 Ark 605

Here, again, the charge is assault, in form. although the Court states (pp 609-610) that the indictment is drafted under a section of their statute. which section "is in substance the common law definition of involuntary manslaughter."

It is difficult to believe. therefore, that the present indictment is unusual in the respect alleged; on the contrary. it appears to inform the defendants quite clearly and fully of the real charges against them.

As to the joinder of parties, it appears to be the rule that

"A charge against a principal and an accessory before the fact may be included in the same indictment and in the same count."

31 Corpus Juris, p. 756.

Defendants in their brief devote most, if not all. of their argument on misjoinder to McVay and Grant. indicted as principals, and allege that because these two held different offices; their joinder is irregular, and places an unfair handicap upon them. Defendants cite authority to the fact that public officers can not be jointly indicted for misdemeanors in office— as inspectors, clerks, judge of an election, etc., indicted jointly. The present indictment is not for a misdemeanor. nor against public officers. In the case of State vs. Sutton et al (supra), which involved a charge of homicide arising out of a collision between boats, the captain and mate of one vessel were jointly indicted for manslaughter, and in the following case which involved charges of manslaughter arising out of a steamboat disaster the captain and certain officials of the company were jointly indicted.

U. S. vs. Van Schaick, 134 Fed. 592.

Furthermore, it is said that

"there is no objection to such joinder because the fact, proved against two

or more, constitutes a distinct species of legal and technical offense as to each."

14 Rul. Case Law, p. 194.

In the following case, which also involved manslaughter arising out of a steamboat disaster, the captain, engineer, pilot, etc., were jointly indicted and the indictment held good. The indictment was a federal statute but it does not appear that such statute contemplates a joint indictment.

U. S. vs. Collyer et al., Fed. Cas. No. 14,838.

Accordingly, it does not appear that there is any misjoinder of parties in the present case, especially as to Grant and McVay. Assuming Kelley to be an accessory before the fact, his joinder would appear to be usual. But this raises the remaining contention of the defendants, namely, that there can be no accessory before the fact under the allegations set forth.

The Court deems this question one of such doubt and importance, especially in view of the gravity of the particular case, that it should be certified to the Supreme Court for determination, as provided by the statute (Gen. Laws 1923, 348, Sec. 5.). This question arises under indictments Nos. 13147, 13148 and 13149.

All demurrers are overruled, excepting the first and second grounds of demurrer of George J. Kelley, which two grounds of demurrer will be certified to the Supreme Court in accordance with certificate filed herewith in Indictments Nos. 13147, 13148 and 13149.

For State: Charles P. Sisson and Oscar L. Heltzen.

For Defendant: Fitzgerald & Higgins and William H. Camfield.